# JOHN S. SMITH, Admr. etc.

*v.*

# ZACHARIAH HICKMAN.

1. SPIRITUOUS LIQUORS—*payment in can not be avoided.* The statute which makes void all accounts of grocers or other retailers of spirituous liquors in less quantities than one quart, in excess of fifty cents, has no application to a payment or satisfaction of a judgment by means of such an account. As the statute does not make the sale illegal, but only prevents the enforcement of the account, a payment of the same can not be recovered back. The satisfaction of a judgment by such an account will be enforced.

2. ERROR—*party can not assign error which does not affect him.* It was assigned for error by the plaintiff in a judgment, that the court, on bill in chancery filed by the debtor, not only ordered satisfaction of the judgment as paid, but also enjoined the sheriff, who was not a party, from

selling property under an execution issued upon the judgment: *Held*, that the rights of such party were not affected in such a way by the decree against the sheriff as to entitle him to assign error committed against the latter.

3.   CHANCERY JURISDICTION—*to order satisfaction of judgment*.   It was objected to a bill in chancery to have a judgment satisfied which had been paid, and a sale of land thereunder enjoined, that there was an adequate remedy at law: *Held*, that the court had jurisdiction to entertain the bill in order to grant complete relief, by the removing of a cloud upon title.

WRIT OF ERROR to the Circuit Court of Franklin county; the Hon. ANDREW D. DUFF, Judge, presiding.

This was a bill in chancery, by Zachariah Hickman against John S. Smith, administrator of the estate of William E. Smith, deceased, to have a judgment recovered by William E. Smith against the complainant, declared satisfied, etc., on the ground of a payment made to the intestate in his life time.   The opinion states the material facts.

Mr. ALFRED C. DUFF, and Mr. JOHN S. SMITH, for the plaintiff in error.

Messrs. YOUNGBLOOD & BARR, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in equity to enjoin the collection of a certain judgment recovered by Smith against Hickman, for the sum of $87, and to cause an entry of the satisfaction of the same to be made on the judgment docket.

The bill alleges that an execution had been taken out on the judgment, and levied by the sheriff on certain lands of the complainant; that the judgment had been paid by a sale and delivery to the defendant of drugs, out of the drug store owned by the complainant and one Hoblitt, which drugs the defendant received in payment of the judgment, in pursuance of a previous agreement between the parties to that effect.

The court, on hearing, decreed the relief sought.

Upon examination of the proofs, we find that they sustain the material allegations of the bill.

It is set up, in avoidance of the satisfaction claimed of the judgment, that all of the alleged drugs so sold and delivered, except to the amount of $15 or $20, were spirituous liquors; and the 17th section of the act concerning "Licenses," Rev. Stat. 343, is relied on as making void the sale, which declares that all accounts of grocers or other retailers of spirituous liquors, for liquors retailed, for a higher amount than fifty cents, shall be void; that no court shall entertain jurisdiction of any such account in which there shall be more than fifty cents charged for liquor; and that if any grocer or retailer of spirituous liquors shall sue for or claim from any person a higher amount than fifty cents for spirituous liquors, the claim shall be void. But this is not a suit to enforce the collection of such an account, and the claim set up by defendant is in the nature of one to annul a payment already made of such an account in a particular mode, viz: by the discharge of a judgment. We apprehend that any payment made of such an account can not be recovered back.

The act does not make the sale illegal, but it is directed against the. account, and annexes a particular consequence to such an account, which is that its collection shall not be enforceable by suit; and we do not perceive that any other consequence is to be attached to such a sale than that which the legislature has seen fit to ordain. Besides, the section contains this proviso: "*Provided,* that nothing in this section contained shall prevent any grocer, retailer, or other person as aforesaid, from selling spirituous liquors larger in quantity than one quart, and suing for and recovering pay for the same." The proof does not distinctly show that any such sale was made in quantity less than one quart, it merely appearing that the items were very small—not exceeding 75 cents; that the liquors were not bought for medical, mechanical or sacramental purposes; and that they were bought and sold to be drunk as a beverage. We think the satisfaction of the judg-

ment in this mode agreed upon between the parties is to be held good, notwithstanding this objection to its validity.

It is objected that the decree was erroneous in enjoining Moore, the sheriff, who had levied the execution, as well as the defendant Smith—Moore not having been served with process; but the latter has not appealed, and the rights of Smith were not affected in any such way by the decree against Moore, as to entitle him to assign error committed against a co-defendant. *Greenman et al.* v. *Harvey,* 53 Ill. 386.

It is insisted, too, that there was an adequate remedy at law. In order to obtain the complete relief of a cancellation of the judgment, and the removal of it as a cloud upon the title, we are of opinion the remedy was not improperly sought in equity. *Babcock* v. *McCamant et al.* 53 Ill. 215.

The decree must be affirmed.

*Decree affirmed.*