Syllabus.

## JOHN B. BOWMAN et al.

### v.

## THE VENICE AND CARONDELET RAILWAY COMPANY.

*Filed at Mt. Vernon January 18, 1882—Rehearing denied May Term, 1882.*

1. INSTRUCTION—*whether it excludes admissions of counsel or parties.* An instruction to the jury in a proceeding to condemn land for right of way, in which a cross-petition was filed claiming damages to other lands, where, on the trial, it was admitted that the cross-petitioner had title to a portion of the land, and also that his grantors had good title to another portion of the land in question, that "statements of counsel or parties not made under oath, or *made as admissions,* are not evidence, and are not to be regarded as such by the jury in making up their verdict," is not liable to the objection that it excludes such admissions from the consideration of the jury.

2. EMINENT DOMAIN—*condemnation of right of way for railroad—in case of several owners of the same land—of proceeding against all or a part.* In a proceeding to condemn land under the Eminent Domain act, where the land to be affected by it belongs to two or more as tenants in common, it is not essential to the jurisdiction of the court that all the owners shall be brought into court, but the court has power to hear and determine the case as to those before it.

3. If the rights of one, in any sense, should depend upon the disposition of the case as to the others, then each party in interest would have the right to insist on all the parties being before the court before proceeding to a trial.

4. Where several tracts of land belonging to different persons are included in the same petition, the statute provides that the compensation for each shall be assessed separately, by the same or different juries, as the court or judge may direct, and the same principle may be extended to cases where different persons have several and distinct interests in the same tract.

5. SAME—*of the petition—sufficiency as to inability to agree with owner.* An averment in a petition for the condemnation of land for right of way, "that the petitioner has been unable to acquire the right of way from said owners, by voluntary grant or purchase," is a substantial compliance with the statute, as showing that the compensation to be paid could not be agreed upon by the parties.

6. SAME—*right of way may embrace more than 100 feet in width.* Under our statute the amount of land which a railroad company is allowed to take for right of way, is measured by the necessities of the case only, and is not limited to a strip 100 feet wide. Where the petition states the amount of land necessary for the road, and such allegation is not controverted, no ques-

tion can arise as to whether more land is sought to be taken than is necessary.

7. SAME—*proceedings in term time and vacation—court is always open for proceedings to condemn.* The condemnation of private property for public use being a judicial proceeding, it can only be instituted and prosecuted to a final determination in either the circuit or county court, and hence, whether commenced in vacation or term time, it is equally a proceeding in court. Under the statute, the circuit and county courts are always open for proceedings to condemn for right of way.

8. SAME—*allowing amendment of petition in vacation.* Whether a proceeding to condemn land for public use has been commenced in term time or vacation, there is no impropriety in the judge allowing such amendments to be made as are by law allowable, as of course and of right, whether with or without notice, where the opposite party is not taken by surprise, or otherwise prejudiced. There is no error in allowing an amendment of the petition in vacation, making new parties as part owners of the land sought to be taken, and ordering a summons and publication against them.

9. ASSIGNMENT OF ERROR—*by whom.* A party is not permitted, in a court of review, to take advantage of an error that does not injuriously affect himself. None but the party affected thereby can urge such error as a ground of reversal.

APPEAL from the County Court of St. Clair county; the Hon. M. J. DALE, Judge, presiding.

On the 17th day of November, 1880, and during term time, the Venice and Carondelet Railway Company filed in the county court of St. Clair county a petition, under the Eminent Domain act, against John B. Bowman, Frank B. Bowman, and Joseph L. Griswold, for the assessment of damages and right of way over certain lands lying near East St. Louis, in which the defendants, respectively, appeared of record to have an interest. Service was had upon the Bowmans, but not upon Griswold. On demurrer to the petition it was amended, under leave of the court. Appellants then moved the court to quash or continue the proceeding, on the ground there was no service upon or appearance by Griswold, which the court refused to do, and appellants excepted. Appellants then demurred to the amended petition, but the court overruled the demurrer, and

the cause was submitted to a jury for trial, resulting in a verdict fixing John B. Bowman's damages at $3062, and Frank B. Bowman's at $437.50. On motion of appellants, this verdict was set aside, and a new trial granted, and leave was given petitioner to amend the petition by making new parties. The bill of exceptions, however, shows that while the order allowing the amendment of the petition appears upon its face to have been made in term time, yet in point of fact the record was so made up in pursuance of leave granted by the judge in vacation.

On the 26th of January, 1881, in vacation, appellee filed an amended petition, making Phillip Hendrich also a party, and at the same time filed an affidavit showing that Griswold and Hendrich were non-residents, upon which petition the county judge indorsed an order directing publication to be made as to Griswold and Hendrich, which was accordingly done. At the March term, 1881, of the court, appellant John B. Bowman entered a motion to strike the amended petition of the 26th of January from the files, on the alleged ground that it had been filed without leave, and in violation of the rules of the court, which motion was overruled, and appellants excepted. John B. Bowman thereupon moved the court for a continuance of the cause, on the ground that his attorneys, by reason of being engaged in the circuit court then in session, were unable to be in attendance; also upon the further ground that the applicant had important business in the circuit court himself, which required his personal attention; which motion was overruled, and exceptions taken. Appellants then moved the court to dismiss the proceeding as to part of the premises, on the ground that Griswold and Hendrich were part owners and co-defendants, and not properly in court; which motion was also overruled, and an exception taken.

Hendrich entered a special appearance for the purposes of his motion, and moved the court to quash the writ and dis-

miss the proceeding as to him, on the ground that the amended petition making him a party was presented to a judge in vacation, and that the judge did not indorse thereon any time when he would hear the same, and for the reason that, as to him, such proceedings as he had received notice of were to be had before a judge in vacation, and not before the court. This motion was also overruled, and an exception taken. Hendrich then entered a motion challenging the array of jurors, on the ground they were drawn from the regular panel for the March term of the court, and not selected under sec. 6, chap. 47, Rev. Stat., this and the preceding motion being supported by affidavit. The challenge was disallowed, and Hendrich excepted. Cross-petitions were filed by the Bowmans, but no further defence was made by Hendrich, and none at all by Griswold.

The company answered the cross-petitions, denying all right to compensation on account of any supposed damages to the premises mentioned in cross-petitions, and the issues being thus made up, the cause was submitted to a jury, who reported, and awarded to John B. Bowman, as compensation for right of way, $875, and for damages to adjoining lands mentioned in cross-petition, $1200; to Frank B. Bowman and Phillip Hendrich, as compensation for right of way, $175, and nothing for damages to contiguous lands mentioned in cross-petition, and to Joseph L. Griswold, for right of way, $300. Motions for a new trial, and in arrest of judgment, were severally overruled, and exceptions taken, and thereupon the court entered several judgments against the company, in favor of the parties above mentioned, in the respective sums specified in the report and verdict of the jury, as first stated. John B. and Frank B. Bowman severally appealed to this court, and the two appeals seem, by common consent, to be treated by counsel as one case.

Mr. John B. Bowman, and Mr. Frank B. Bowman, for the appellants.

Messrs. G. &. G. A. Kœrner, for the appellees.

Mr. Justice Mulkey delivered the opinion of the Court:

The points relied on for a reversal are arranged by appellants' counsel under two heads: 1. Such as relate to the compensation fixed by the jury. 2. Such as are supposed to affect the jurisdiction of the court. We will consider them in the order named.

Petitioner, for the purposes of the trial, admitted the title of a portion of the lands in question to be in John B. Bowman, and also that his grantors had a good title to another portion; and it is claimed by appellants the damages awarded by the jury are too small, and that the smallness of the allowance was occasioned by an instruction given by the court, which caused the jury to disregard this admission by petitioner relating to the title of Bowman and his grantors. The instruction complained of is as follows:

"Statements of counsel or parties, not made under oath, or *made as admissions*, are not evidence, and are not to be regarded as such by the jury in making up their verdict."

It is claimed that this instruction in effect told the jury they must disregard the admission in question, because it was not made under oath. We do not think the instruction is obnoxious to the objection taken to it. The object of the instruction was to exclude from the consideration of the jury the mere statements of counsel or parties which were neither sworn to nor admitted in evidence. So far from the instruction excluding the petitioner's admission with respect to title, it is expressly excepted from its operation. Moreover, the verdict shows upon its face that the jury allowed some damages with respect to a portion of the lands embraced in the admission, which could not consistently have been done if

the jury had understood the instruction, as is claimed they did. Whatever objections there may be to the instruction in question, we are very clear it could have worked appellants no injury upon the ground suggested.

The remaining points fall under the second head of appellants' argument, and directly question the jurisdiction of the court below. It will not be necessary to notice them in detail, as most of them rest substantially upon the same ground.

The position of appellants, as we understand them, is, that the proceeding in the present case is absolutely void, on the ground the court had no jurisdiction of the subject matter of the suit, or of the persons of Griswold and Hendrich; that so far as these two defendants are concerned the suit was commenced in vacation, to-wit: on the 26th of January, by filing the amended petition under which the case was finally tried; that the action having been commenced, as to them, in vacation, all subsequent proceedings in it could only be done in vacation; that the trial having taken place and judgment rendered in term time, the whole proceeding is void, but that, conceding the case might, notwithstanding it was commenced in vacation, have been afterwards lawfully heard and determined in term time, the notice by publication not being in conformity with the statute was insufficient to give the court jurisdiction of their persons; and that the proceedings being void as to a part of the defendants, are void as to all. This last proposition is based upon the legal hypothesis that in a condemnation proceeding under the Eminent Domain act, where the lands to be affected by it belong to two or more as tenants in common, the court has no power or jurisdiction to hear and determine the case as to one without having the others before it also.

No authority has been cited in support of this position, nor do we find any provision in the statute regulating the subject which in express terms sustains it, so that if the

position is correct, it must rest upon the construction of the statute, or general principles applicable to a proceeding of this character.   The second section of the Eminent Domain act requires the petitioner to set forth, among other things, a description of the property proposed to be taken, together with the names of all persons who appear of record to be interested therein, as owners or otherwise, "praying the compensation to be paid to the owner, to be assessed."   However many parties in interest, the amount each one is entitled to receive as compensation must be assessed to each separately, unless the parties in interest require it otherwise. This may be all done by one jury and at the same time, but the question is, *must* it be so done?   If the rights of one were in any sense made to depend upon the disposition to be made of the case as to the others, we would have no hesitancy in holding that each party in interest would have the right to insist on all the parties being before the court before proceeding, but we are unable to perceive how, in any contingency, one of the parties could be affected by the determination of the case as to the others.   Under certain circumstances it might be very inconvenient, or even impossible, to try a case as to some of the parties, when at the same time the most cogent reasons might exist for proceeding with it as to the others; and should the statute be so construed that the court, under such circumstances, would be powerless to take that course which the interest of all parties concerned manifestly requires, where such construction is not clearly and unequivocally demanded?

Where several tracts of land belonging to different persons are, as they may be, included in the same petition, the statute expressly provides the compensation for each shall be assessed separately by the same or different juries, as the court or judge may direct, and we see no reason why the same principle should not be extended to cases where different persons have several and distinct interests in the same

tract.  In many instances that might readily be suggested, justice and convenience would be promoted by it, and we can conceive of no case in which any legal right could be prejudiced or impaired in the slightest degree by doing so.  We are of opinion, therefore, where a party having an interest in a tract of land sought to be condemned for public use is regularly brought into court, and the petitioner is ready to try the case as to him, where no good reason appears why it should not be so tried the defendant in court is not entitled, as a matter of right, to have the case continued indefinitely, merely because there are other parties having an interest in the same land, whom the petitioner, from mistake or otherwise, has not been able to bring into court.  It may be that the petitioner has good reasons for supposing he will be able to purchase the right of way from the parties not before the court, and thus avoid delay and the expense of another trial.  But even if this were not so, and the petitioner is willing to run the risk of incurring the expense of another trial, and the court, under the circumstances, is of opinion that justice and convenience will be. promoted by trying the case as to the parties before it, there will be no error in doing so.

It follows, therefore, it is wholly immaterial, so far as appellants are concerned, whether upon either of the grounds suggested Griswold and Hendrich were properly in court or not, for it is clear, if the conclusion first reached is correct, there is no question but that the court was fully authorized to hear and determine the case as to appellants, and however much error may have intervened as to the other defendants, it is a matter that in nowise affects appellants, and of which they can take no advantage in this court; for nothing is better settled than that one is not permitted in a court of review to take advantage of an error that does not injuriously affect himself.  *Smith* v. *Hickman,* 68 Ill. 314; *Short* v. *Raub,* 81 id. 509; *Robinson* v. *Brown,* 82 id. 279; *Tibbs* v. *Allen,* 27 id. 119.

But it is further insisted that the amended petition of the 26th of January having been filed without leave of the court, it must be regarded as a new petition filed in vacation, and should therefore have been stricken from the files; that the original proceeding as against appellants having been commenced in term time, the judge had no authority in vacation to permit an amended petition to be filed, hence the leave granted by him was simply void. It is true the statute provides that applications for the condemnation of private property for public use may be made "to the judge of the circuit or county court, either in vacation or term time;" but we do not attach the same importance to the two methods of commencing the proceeding that counsel do. If we understand the drift of their argument, they assume the act has provided two distinct forums, or tribunals, in which cases of this kind may be prosecuted, one being a court, and the other a judge, and that a suit having been commenced before one, can not, for any purpose, be regarded as pending before the other. This is not stated in so many words, but it is what seems to be the purport or effect of the argument. While the expression, "court or judge," which runs through most of the sections in the act, seems to give color to this view, and while the act unquestionably contemplates some diversity in the procedure depending upon whether it is commenced in term time or in vacation, nevertheless, the proceeding in either case must, in contemplation of law, be regarded as pending in court. The judge, as a mere individual, has no power to hear and determine any cause involving the exercise of judicial power, nor is it competent for the legislature to clothe him with it. The organic law of the State has disposed of the whole judicial power of the government by investing it in certain courts specifically mentioned in the constitution, and the legislature therefore has none to confer upon any one. It can only establish or provide, by appropriate legislation, for the organization of such courts as the con-

stitution has expressly provided for, and when so organized or established, they derive their powers directly from the people, in their organized political capacity, through the constitution. Courts are political agencies—mere legal entities —established under the constitution for governmental purposes, and in contemplation of law have a separate existence distinct from the judges who preside over them; otherwise, when the judge of a court dies, the court itself would cease. A judge, therefore, has no judicial power outside of the court in which he officiates. He is the tangible, living oracle of the court. He speaks and acts for it, and in law is its only accredited agent. When discharging the judicial functions of his office, he is the court in concrete form, and in this sense he is often called the court, but strictly and technically speaking, the judge and the court are wholly distinct. To every lawyer these general propositions are so palpably true, they require no illustrations or authorities to support them. *The People* v. *Maynard*, 14 Ill. 419; *Field* v. *The People*, 2 Scam. 181.

Inasmuch as the condemnation of private property for public use is, under our laws and constitution, essentially a judicial proceeding, it follows, from what we have already said, such a proceeding can only be instituted and conducted to its final determination in either the circuit or county court; hence, whether instituted in vacation or term time, it is equally a proceeding in court, for upon that hypothesis alone can a proceeding of the kind conducted in vacation be sustained.

It is supposed the case of *Haslam et al.* v. *Galena and Southern Wisconsin Railroad Co.* 64 Ill. 353, is inconsistent with the view here taken; but such is not the fact. The only point actually decided in that case, so far as it relates to the present inquiry, is, that where a condemnation case has been commenced in vacation, and the judge, as required by statute, fixes a day for the hearing, orders a special *venire* for a

jury, and the same is issued by the clerk and made returnable on the same day, which happens to be in term time, the jury should, notwithstanding the time of hearing happens in term time, be selected from the special panel, unless subject to exception on other grounds, as was the case there. Nothing is to be found in that case that even intimates there was a want of jurisdiction in the court to hear and determine it in term time because it had been commenced in vacation, but on the contrary, the implication is clearly the other way. Under our statute the circuit and county courts are always open for proceedings of this character. The object of the legislature in so providing was to obviate delays detrimental to public interests, that often occur in legal proceedings when confined to term time. The only difference in proceeding in and out of term is, in the latter case the judge must fix a particular day for the hearing, and order a special jury, and when such a jury has been summoned, if not subject to challenge on other grounds, it should serve in the trial of the cause. And whether the cause has been commenced in term time or vacation, we see no impropriety in the judge allowing such amendments to be made as are by law allowed, as of course and of right, whether with or without notice, where the opposite party is not taken by surprise, or otherwise prejudiced; and no complaint of that kind is urged here.

We are, therefore, of opinion there was no error in permitting the amended petition of the 26th of January to be filed in vacation, making Hendrich a party, and ordering of a summons and publication. The court being open for proceedings of this kind, in vacation as well as term time, it is not perceived what good could have been subserved by delaying the proceeding until the meeting of the court in term time, for the purpose of entering an order which the petitioner would have been entitled to as a matter of course and of right. If notice is not required, as is conceded, in making

an original application of this kind, there appears no good reason why it should be required in a suit already pending. We do not think there was error in permitting the amended petition to be filed, and making the order of publication, or in refusing to strike it from the files, because not made in term time.

It is also objected that the petition does not sufficiently allege, or the evidence prove, that the compensation to be paid for the property sought to be taken could not be agreed upon by the parties interested. The petition alleges "that the petitioner has been unable to acquire the right of way from said owners by voluntary grant or purchase." This averment is somewhat more comprehensive than the statute requires, but it clearly includes the statutory requirement; for if, as is alleged, the petitioner has been unable to acquire the property by purchase or grant (the only means by which the company could acquire it), it is quite evident the parties in interest could not agree on the amount of compensation. If the owners refused to sell altogether, that cut off all negotiations as to amount of compensation. We are of opinion the petition is a substantial compliance with the statute, and that it has been sufficiently proven. At least the jury so found, and we are unable to say the verdict is so clearly against the preponderance of evidence upon this point as to require a new trial.

It is further insisted that this proceeding is invalid, because the strip of land sought to be condemned exceeds in width 100 feet, and the fourth clause of sec. 20, chap. 114, Rev. Stat., entitled "Railroads and Warehouses," is relied on as sustaining that position. It provides the corporation shall have power "to lay out its road, not exceeding 100 feet in width, and to construct the same, and for the purpose of cuttings and embankments to take as much more land as is necessary for the proper construction and security of the railway." We see nothing in this provision to warrant the

conclusion drawn from it.    While it limits the width of the road to 100 feet, yet for the purposes of cuttings and embankments express authority is given to take as much more land as may be necessary for the proper construction and security of the road; and by the third clause of the section every railway company is expressly empowered "to purchase, hold and use all such real estate and other property as may be necessary for the use and construction of its railway." Taking these two provisions together, we think it quite clear the amount of land which the company is authorized to take is measured by the necessities of the case only.    The petition expressly declares that the company "has located, and proposes to construct immediately, a portion of its railway, and for such purpose does now require" the land in question "as right of way."    Admitting this question could be raised in a condemnation proceeding, of which we express no opinion, we find no evidence of its having been done on the trial in this case; and since the petition expressly charges the premises in question were required for right of way, and this allegation in the petition is not controverted, it is difficult to perceive upon what principle this court could say, as matter of law, they were not necessary.    We are clearly of opinion this objection is not well taken.

Upon the whole, we perceive no substantial error in the record, and the judgment of the court below is therefore affirmed.

*Judgment affirmed.*