THE CENTRALIA AND CHESTER RAILROAD COMPANY

*v.*

HENRY RIXMAN.

*Filed at Mt. Vernon June 20, 1887.*

1. EMINENT DOMAIN—*elements of damage—keeping open right of way until fencing.* In a proceeding by a railway company to condemn a right of way through farm land, it is proper for the court to instruct the jury that the company is not required to fence its road for six months after the same is open for use, and that the damages attending the keeping open of the right of way for that length of time may properly be considered as an element of damages to be awarded to the owner.

2. SAME—*powers to be exercised in vacation.* A proceeding to condemn land for public use, whether instituted in term time or in vacation, is a judicial one, and the judge before whom it is had has the same powers in either case, and may grant new trials. The circuit and county courts are always open for such proceedings, and their judicial powers in respect to them are the same in vacation as in term time.

3. INSTRUCTION—*copying from opinion of this court.* Notwithstanding the correctness of an opinion of this court in a given case, it does not follow that an instruction copied from the language of the court should be given in the particular case on trial.

APPEAL from the Circuit Court of Washington county; the Hon. GEORGE W. WALL, Judge, presiding.

Mr. W. S. FORMAN, and Mr. DANIEL HAY, for the appellant.

Mr. CHARLES T. MOORE, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a proceeding instituted by the Centralia and Chester Railroad Company, before the county judge of Washington county, in vacation, to condemn certain lands for right of way. It appears from the record, that a jury was selected, the evidence heard, and a verdict returned into court fixing the damages for the lands taken, when, on motion of the land owners, the verdict was set aside and a new trial

granted by the court.   After the county judge had granted a
new trial, the parties, by agreement, transferred the cause to
the circuit court, where, upon a second trial of the cause,
appellees recovered the present judgment.

It is first insisted, that as the proceeding was instituted,
and a trial had, in vacation, before the county judge, he had
no power to grant a new trial, and that the order vacating
the verdict and granting a new trial was erroneous.   Section
2 of the Eminent Domain act provides that application to
condemn property for a public use may be made to the judge
of the circuit or county court, either in vacation or term time.
Section 3 provides, that if the petition is presented in vaca-
tion, the judge shall note the day of presentation, and also
note thereon the day when he will hear the same.   Section 5
provides that causes may be heard by such judges in vacation
as well as in term time.   It is apparent from an examination
of the statute, that the object intended to be accomplished
by providing for a hearing in vacation, was to guard against
delay, and secure a speedy trial, in which the rights of the
parties might be settled and determined at once.   But whether
the proceeding may be in vacation or term time, it is a judi-
cial proceeding, and the judge before whom the proceeding
may be instituted has the same powers in vacation as he
would have in term time.   Should an error be committed on
the trial, the judgment may be reversed on appeal or writ of
error, or the judge, on motion for a new trial, may vacate the
verdict and order a new trial to correct an error that may
have occurred during the trial.   The circuit or county courts
are always open to entertain a petition to condemn property
under the Eminent Domain act, and when engaged in a trial
in vacation, they have and exercise the same judicial powers
in vacation that they exercise when in session.   (*Bowman* v.
*Venice and Carondelet Railway Co.* 102 Ill. 459.)   There is
nothing in the statute which in the least indicates an inten-
tion to deprive the court of any of its powers which it exer-

cises when in regular session, when engaged in the trial of a condemnation case, in vacation.

The court refused appellant's sixth instruction, and the decision is claimed to be erroneous.    The instruction was copied from what was said in *Jones* v. *Chicago and Iowa Railroad Co.* 68 Ill. 380, in discussing an instruction which had been given by the circuit court on the trial of that cause. We fully concur in all that was said in the case cited, but it does not follow that all that was said in the case may be formulated into an instruction and given to the jury as a guide to lead them to a proper verdict in this case.  The court gave, at the instance of appellant, in instruction No. 4, a verbatim copy of the instruction which was approved in the case cited, and that, in substance, embraced all that is contained in the refused instruction, and hence we see no ground upon which appellant can reasonably complain.

Objection is also made to instruction No. 4, given for the defendant, which informed the jury that railroad companies were not required to fence their right of way for six months after the road is open for use, and the damages attending the keeping open of the road for that length of time may properly be considered as an element of damages.  This instruction is in harmony with *St. Louis, Jerseyville and Springfield Railroad Co.* v. *Kirby*, 104 Ill. 347, where a similar one was approved.

It is also contended that the verdict is not sustained by the evidence—that the damages allowed are too large.   There was evidence before the jury which fixed the damages at a less amount, and there was also evidence tending to prove that the damages were much more than the jury allowed. The jury heard all the evidence, and went upon and examined the lands taken, and we are not prepared to say, after reading all the evidence, that the verdict is so excessive as to authorize us to reverse on that ground alone.

The judgment will be affirmed.

*Judgment affirmed.*