The United States Life Insurance Company

*v.*

Sophia J. Shattuck.

*Filed at Ottawa October 11, 1895—Rehearing denied March 10, 1896.*

1. Courts—*power of judge to extend time for bill of exceptions.* A judge of the Superior Court, while presiding in the Criminal Court of Cook county, cannot make a valid order for an extension of the time for filing a bill of exceptions in a case tried before him in the Superior Court.

2. Same—*mere memorandum is not an order of court.* A mere memorandum signed by a judge, directing the entry of an order to extend the time for filing a bill of exceptions, cannot have the effect of a record of the court, or be operative as an order, so long as it is not made on the docket of the court or filed or deposited with the clerk, or even brought to his knowledge, but is retained in the possession and under the control of a party to the suit or his attorney.

*United States Life Ins. Co. v. Shattuck*, 57 Ill. App. 382, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. John Barton Payne, Judge, presiding.

Seth F. Crews, for appellant:

The court erred in refusing to direct the clerk to complete the record by directing him to spread upon the record the order previously directed to be entered. Freeman on Judgments, sec. 61; *Howell* v. *Morlan*, 78 Ill. 162; *Hagler* v. *Mercer*, 6 Fla. 721; *Schirmer* v. *People*, 33 Ill. 275.

The court can direct the restoration of a destroyed or lost record. Rev. Stat. (Cothran's ed.) chap. 116, secs. 1, 2.

The words upon the order made by the judge, "Enter.—J. B. P.—May 15, '94," amounted to a direction to the clerk to enter the order as of that date. *Jasper* v. *Schlesinger*, 22 Ill. App. 637.

The court had the right, at the October term, to make the order correcting the record after appeal taken. *Howell* v. *Morlan*, 78 Ill. 162; Rev. Stat. chap. 7, sec. 7.

It was the duty of the clerk, when the original order which had been lost was found, to spread the same upon the records.    Rev. Stat. chap. 25, sec. 14; *Schirmer* v. *People*, 33 Ill. 275.

No particular form of words is required to make an order of court.    *Hobson* v. *Ewan*, 62 Ill. 146; *Wells* v. *Hogan*, Breese, 337.

Judgments should not be made void for uncertainty, when the sense can be obtained from the record.    *Laflin* v. *White*, 38 Ill. 340 ; *Hofferbert* v. *Klinkhardt*, 58 id. 450.

The court will not hesitate to amend a record by the minutes of the judge of the court.    When they are in the handwriting of the judge they are conclusive evidence of the order made in the cause.    *Coughran* v. *Gutcheus*, 18 Ill. 390 ; *Forquer* v. *Forquer*, 19 id. 68 ; *McCormick* v. *Wheeler*, 36 id. 114; *Seely* v. *Pelton*, 63 id. 101; *Church* v. *English*, 81 id. 442; *Railroad Co.* v. *Holbrook*, 72 id. 419 ; *Gillett* v. *Booth*, 95 id. 183 ; *Crowell* v. *Dean*, 21 Ill. App. 363.

The law empowers each of the judges of the circuit and Superior Courts of Cook county to hold a branch court, in which he exercises all of the judicial powers of the court.    *Hinckley* v. *Dean*, 104 Ill. 630.

We insist that the order set forth should be made a part of the record by this court, and in addition to the authorities heretofore cited we desire to especially call attention to the case of *Railway Co.* v. *Walsh*, 150 Ill. 607.

Weigley, Bulkley, Gray & Eastman, for appellee :

No order was entered of record pursuant to the direction.    It is therefore contended by appellee that the purported bill of exceptions never became a part of the record, and should be stricken from the transcript.    *Hake* v. *Strubel*, 121 Ill. 321; *Village of Marseilles* v. *Howland*, 136 id. 81; 34 Ill. App. 350 ; *Douglas* v. *Sugga*, 36 id. 554; *Dickey* v. *Town of Bruce*, 21 id. 445.

The memorandum upon which the judge put his initials was not an order of the court.    He was not sitting

as a judge of the Superior Court at the time, and it was not a direction to the clerk at that time. Neither could it become an order of any binding force until entered of record. *Launtz* v. *Heller*, 41 Ill. App. 528.

The court speaks only by its record. *Manufacturing Co.* v. *Sinsheimer*, 37 Ill. App. 467.

A bill of exceptions should appear on its face to have been taken and signed at the trial. *Railway Co.* v. *People*, 106 Ill. 652; *Evans* v. *Fisher*, 5 Gilm. 456; *Burst* v. *Wayne*, 13 Ill. 664.

Mr. Justice Baker delivered the opinion of the court:

On the 17th day of March, 1894, it being one of the days of the March term, 1894, of the Superior Court of Cook county, the court rendered judgment on the verdict of a jury in favor of Sophia J. Shattuck, the appellee, and against the United States Life Insurance Company of the city of New York, appellant, for $11,250 damages and for costs. The defendant corporation prayed an appeal to the Appellate Court for the First District, which was on the same day allowed, upon its giving bond as required by the order of the court, and said order further required "its bill of exceptions to be filed within sixty days" from that date. The appeal bond was duly filed and approved, but under the order the time for filing the bill of exceptions, unless lawfully extended, expired on May 16, 1894. It appears from the transcript of the record that was filed in the Appellate Court on October 3, 1894, that no order was entered of record in the Superior Court extending the time for filing said bill of exceptions from the 16th day of May, 1894, to the 28th day of May, 1894. There does, however, appear in the record an order made on May 28, 1894,—one of the days of the May term of court, —extending the time for filing said bill of exceptions "for the space of twenty days, to-wit, until the 15th day of June." It also appears that on the 13th day of June, 1894, the judge of the Superior Court who had presided at the

trial and at the time of the rendition of the judgment, signed and sealed a bill of exceptions; that the same was on said day filed in the office of the clerk of the Superior Court, and that it was afterwards incorporated in the transcript of the record as certified by said clerk.

After the filing on October 3, 1894, of the record in the Appellate Court, the appellee moved to strike from the transcript the purported bill of exceptions, for the reason that the same was not presented, signed or filed within the time limited by the court and was not properly a part of the record.    Afterward, on October 16, 1894, there was filed in the Appellate Court a supplemental record, from which it appears that on October 11, 1894, at the October term, 1894, of the Superior Court of Cook county, certain proceedings were had before the Hon. John Barton Payne, one of the judges of said Superior Court, in the matter of the motion of the here appellant corporation to direct the clerk of the court to record upon the records of the court the order for the extension of time for filing bill of exceptions theretofore and on May 15, 1894, directed to be entered, but that the court overruled the motion and refused an order directing the clerk as asked in the motion, and that appellant thereupon took a supplemental bill of exceptions.    It appears therefrom that on September 26, 1894, the clerk found among the files in another case a certain paper with the file-mark of the clerk endorsed thereon.    Said paper was as follows:

"STATE OF ILLINOIS, ⎫
   *County of Cook.* ⎬ *ss.*
                ⎭

"In the Superior Court of Cook county.

                      To the March Term, A. D. 1894.

"*Sophia J. Shattuck* ⎫
    v.      ⎬
 *U. S. Life Ins. Co.* ⎭

"Leave to extend time for filing bill of exceptions in the above entitled cause extended from sixty days, as granted, to eighty days, on motion of the defendant's attorney."

Upon this paper was the following notation or memorandum: "Enter.—J. B. P.—May 15, '94," and endorsed upon it was a file-mark in the handwriting of the clerk, as follows: "Filed May 17, 1894.—S. D. Griffin, Clerk." It also appears the words and figures, "Enter.—J. B. P. —May 15, '94," were in the handwriting of the Hon. John Barton Payne, one of the judges of the Superior Court, and who also was the judge that had presided at the trial of the cause and at the rendition of the judgment appealed from, and who, moreover, had signed and sealed the original bill of exceptions in the cause, and further appears that said words and figures were written on said paper by Judge Payne while he was sitting and presiding as judge in the Criminal Court of Cook county, on said 15th day of May, 1894.

Upon the filing of the supplemental record, appellant, by leave of court, made certain assignments of error thereon, the material one of which was this: "The court erred in refusing to grant the motion of defendant to direct the clerk to spread upon the records of the court the order directed to be entered May 15, 1894." Appellant also, on October 29, 1894, entered a cross-motion in the Appellate Court that said court "do make an order amending the record herein, showing by said order that a proper order was made in the court below on May 15, 1894, being one of the days of the May term of said court, extending the time for filing the bill of exceptions for twenty days from that date." Thereafter, the cause having been reached on the call of the docket, it was taken for consideration by the Appellate Court, and on a subsequent day, by the judgment of the court, the bill of exceptions in the transcript of the record filed on October 3, 1894, was stricken out of the record as not being properly a part thereof, and the judgment of the Superior Court was affirmed.

The rule that prevails in this State, under the construction that has been placed upon our statutes, is,

that when the time for presenting and filing a bill of exceptions is by the order of the court extended beyond the term at which the judgment is rendered, then the court, as a court, may at a subsequent term, and within the time limited by the order of the prior term, grant further extension of time for presenting and filing such bill of exceptions; but, since fixing the time within which a bill of exceptions may be presented and filed, and granting extensions of time within which it may be presented and filed, are judicial acts, they can only be performed in term time, and by the judge while presiding in the court and exercising the judicial functions of the court. (*Hake* v. *Strubel*, 121 Ill. 321; *Hawes* v. *People ex rel.* 129 id. 123; *Village of Marseilles* v. *Howland*, 136 id. 81. And see *Pardridge* v. *Morgenthau*, 157 Ill. 395.) The supplemental bill of exceptions shows that the supposed order of May 15, 1894, if made by Judge Payne, was made by him, not while presiding as judge of the Superior Court of Cook county or one of its branches, but while actually sitting and presiding as judge in the Criminal Court of Cook county.

Section 26 of article 6 of the constitution of the State defines the jurisdiction and powers of the Criminal Court of Cook county. It reads as follows: "The recorder's court of the city of Chicago shall be continued, and shall be called the Criminal Court of Cook county. It shall have the jurisdiction of a circuit court in all cases of criminal and *quasi* criminal nature arising in the county of Cook or that may be brought before said court pursuant to law, and all recognizances and appeals taken in said county in criminal and *quasi* criminal cases shall be returnable and taken to said court. It shall have no jurisdiction in civil cases, except in those on behalf of the People, and incident to such criminal or *quasi* criminal matters, and to dispose of unfinished business. The terms of said Criminal Court of Cook county shall be held by one or more of the judges of the circuit or Superior

Court of Cook county, as nearly as may be in alternation, as may be determined by said judges or provided by law. Said judges shall be *ex officio* judges of said court."

It is to be noted that the Criminal Court of Cook county is a continuation of the recorder's court of the city of Chicago. The recorder's court was a court of both criminal and civil jurisdiction, (Laws of 1853, p. 147; Scates, Treat & Blackwell's Stat. p. 661;) and when, by the constitution of 1870, it was superseded by the Criminal Court, it was expressly provided that the latter court "shall have no jurisdiction in civil cases, except in those on behalf of the People, and incident to    *    *    * criminal or *quasi* criminal matters, and to dispose of unfinished business." This last clause, "and to dispose of unfinished business," very plainly has reference only to unfinished civil business pending in the recorder's court at the time of the change in jurisdiction worked by the new constitution, and not to unfinished business that might be at any time pending in the circuit or Superior Court of Cook county, and that had already been in part disposed of in one or the other of said last mentioned courts by or before the particular judge who was thereafter holding and presiding in the Criminal Court, as seems to be supposed.

The Criminal Court and the Superior Court are wholly separate and distinct courts, each having its own separate and distinct organization, clerk, record and place where it is held. The jurisdictions of the two courts are entirely different, the Criminal Court having "no jurisdiction in civil cases," except the very limited jurisdiction above indicated, and the Superior Court having general jurisdiction in all civil cases. When a judge of the Superior Court presides in and holds a term of the Criminal Court, he does so, not in his official capacity of a judge of the Superior Court, but in his capacity of *ex officio* judge of the Criminal Court, the latter part of the section of the constitution above quoted providing that

when he is holding a term of the Criminal Court he "shall be *ex officio* judge of said court." While holding the Criminal Court he is that court in concrete form, in the exercise of judicial functions is the agent of that court only, and speaks and acts solely for it, and not for some other court that he is not holding. *Bowman* v. *Venice and Carondelet Railway Co.* 102 Ill. 459.

When Judge Payne, while holding and presiding in the Criminal Court, made the memorandum or notation, "Enter.—J. B. P.—May 15, '94," it either was an act not done by the Criminal Court of Cook county, or, if done by that court, was invalid and void because done without having jurisdiction of the subject matter. If it was an act done by Judge Payne, a judge of the Superior Court of Cook county, while not holding a branch of said Superior Court and discharging the judicial functions of presiding judge of such court, then it was alike null and void, for a judge has no judicial power outside of the court in which he officiates,—or, in other words, a judge, as an individual, has no power to hear and determine any matter involving the exercise of judicial power. (*Bowman* v. *Venice and Carondelet Railway Co. supra*; *Hake* v. *Strubel, supra; Hawes* v. *People, supra; Village of Marseilles* v. *Howland, supra.*) And it clearly appears that the act of extending the time for the coming in of the bill of exceptions was not the act of the Superior Court, for the judge who assumed to make the order did so at a time and place when and where he was not holding a branch of the Superior Court.

Even if the supposed order for the extension of time, with the judge's notation upon it, could be regarded as authority to the clerk to enter the order on the records, yet at most it was but a direction, dated May 15, 1894, to enter the order upon presentation to him of the paper. It cannot be that a mere memorandum, not made on the docket of the court or filed or deposited with the clerk, or even brought to his knowledge, but retained in the

possession and under the control of one of the parties to a suit, or his or its attorney, can have the force and effect of a record of a court, and be effective as such from the date it first came to the hands of such party or attorney. Here, the direction was not filed with or placed in the hands of the clerk until May 17, 1894, and that was after the time originally given for presenting and filing the bill of exceptions had expired, and it was then beyond the jurisdiction of even the court to grant an extension.

In regard to the counter-motion entered by appellant, and the suggestion calling attention to section 7 of the Statute of Amendments and Jeofails, which provides that certain defects and omissions shall be amended and supplied by the court into which the judgment shall be removed by appeal or writ of error, we may say that it has no application to the matter in hand. Said section has reference to defects and omissions in the process, pleadings, proceedings or records of courts. Here, the very point of the decision is, that the paper dated May 15, 1894, never was or became a proceeding or record of the court. Peradventure, if the supposed order had been spread at large upon the records of the court on May 15, 1894, a very different question would have arisen.

The motion to strike the original bill of exceptions from the record was properly sustained by the Appellate Court, and since the errors assigned for the reversal of the judgment for $11,250 were such as could appear only by a bill of exceptions, the judgment was properly affirmed by that court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*