C. D. BROUGHER *et al.* Appellants, *vs.* THE LOST CREEK DRAINAGE DISTRICT *et al.* Appellees.

*Opinion filed June 22, 1916.*

PRACTICE—*appeal will be dismissed if record contains no authenticated copy of judgment.* An appeal will be dismissed where the record contains no authenticated copy of the judgment or decree appealed from, as required by statute, and it is not sufficient that the record contains a copy of the minutes of the trial judge with reference to the judgment.

APPEAL from the Circuit Court of White county; the Hon. J. C. EAGLETON, Judge, presiding.

NOAH C. BAINUM, for appellants.

CONGER, PEARCE & CONGER, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

C. D. Brougher, sole commissioner of highways of the town of Mill Shoals, and the town of Mill Shoals, in White county, appellants, filed in the circuit court of White county a petition for *mandamus* against the Lost Creek Drainage

274 — 13

District and the commissioners of said district to compel them to replace and rebuild a bridge removed by them in the course of their construction of their system of drainage across a certain public highway in said township. The petition alleges that by the order and judgment of the county court of said county said district, situated in White and Hamilton counties, was duly organized under and by virtue of the Levee act, and that included in said drainage district are certain lands in said township; that in accordance with the plans and specifications the main ditch of said drainage district was constructed in Lost creek across a public highway in said township over which Brougher, as said sole commissioner, has control and jurisdiction, and at which crossing there had theretofore been constructed and maintained, as a part of said public highway over said creek, a certain bridge; that in the construction of said ditch along and within the said Lost creek said drainage commissioners caused to be removed said bridge, and that said commissioners have been many times notified by appellants to rebuild and to replace the said bridge so removed by them, but that they have failed and refused so to do and have themselves demanded that appellants replace and rebuild the said bridge at the expense of the town of Mill Shoals. The petition concludes with a prayer that the writ issue commanding appellees forthwith to restore the bridge to its original condition, and, if necessary, to levy a special assessment to meet the expense of the same. Appellees filed their plea to the petition, setting forth that said drainage district was duly organized under said Levee act and that the other appellees were and are the duly appointed commissioners of said district; that the county court aforesaid confirmed the plans for said district; that one of its ditches was laid out and constructed on the line of a natural water-course known as Lost creek, and that appellees, in excavating their ditch along such natural water-course, were compelled to, and did, remove said bridge spanning said water-course at said

public crossing, and that in so doing they did no more damage than was necessary to remove the bridge; that by virtue of the third proviso of section 55 of the Levee act, under which said ditch was constructed, appellees had the legal right, and it was their duty, to so remove such bridge for the purposes of their passage thereunder and the construction of said ditch, and that said statute casts the duty on Brougher and said township, and not on appellees, to replace and to rebuild said bridge. To said plea appellants filed a general and special demurrer, and averred, among other things, that said proviso of section 55 of the Levee act relied on by appellees for their defense is in contravention of sections 9 and 10 of article 9, of section 31 of article 4 and of section 2 of article 2 of our constitution of 1870.

So far as this record shows, no judgment has ever been entered in this case. The record and abstract only contain the judge's minutes preserved in his docket, which the record shows to read, in substance, that said demurrer is overruled and that the petitioners except and elect not to further plead, whereupon judgment is assessed in favor of defendants and against petitioners and the petition is dismissed at the cost of the petitioners. This appeal followed.

Section 100 of chapter 110 (Hurd's Stat. 1913,) provides that "authenticated copies of records of judgments, orders and decrees appealed from shall be filed in the office of the clerk of the Supreme Court," etc. Unless such authenticated copy of the record of the judgment appealed from is filed, the statute providing for the perfecting of appeals is not complied with. It is not sufficient that the record filed contains a copy of the minutes made by the presiding judge of the trial court. The record in the present case does not purport to contain any authenticated copy of the record of any judgment. The appeal must therefore be dismissed.                    *Appeal dismissed.*