John F. Davis et al., Appellees, v. Louise Mosbacher et al., Appellants.

538

Opinion filed September 12, 1928.

A. C. BOLLINGER, W. K. KOERNER and M. R. STAHL, for appellants.

HILL & ENGLAND and McGLYNN & McGLYNN, for appellees.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

The questions in this case are the same as those in Term Nos. 37 to 40, both inclusive. The same parties are appellees in each case and the respective appellants being represented by the same attorneys we shall include the five cases in this opinion. When we prepared the opinion filed June 1, 1928, in the case of *John F. Davis et al. v. Louis Wirth,* Term No. 18 [249 Ill. App. 544], for the reasons therein stated, we inadvertently disposed of the cases now under consideration. When our attention was called to the fact that the appellants in these cases were claiming that the questions raised by them were not the same as those presented in the *Wirth* case, rehearings were allowed. The records in Term Nos. 37, 38, 39 and 40 are in the same condition as the record in this case. Appellees obtained a judgment by confession on January 30, 1926, and appellants' motion to open the same and for leave to plead was continued from time to time until September 6, 1927. On that day the court denied the motion and appellants prayed an appeal to this court, which was allowed upon their filing bond in the sum of $4,000, within 20 days, and bill of exceptions within 30 days. On September 22, 1927, the court extended the time for filing the appeal bond until October 17, 1927, and extended the time for filing the bill of exceptions until October 26, 1927. No bill of exceptions was presented to the judge or the court within the time allowed for filing the same.

Appellants filed a transcript or a portion of the record in this court on February 8, 1928, but it contained no bill of exceptions. On February 28, 1928, they filed herein a purported bill of exceptions which shows that it was presented to and signed by the trial

judge on February 23, 1928, several months after the time allowed for filing the same had expired. Attached thereto is a purported stipulation of the attorneys to the effect that the said bill of exceptions shall be filed in the office of the clerk of the city court on or before February 28, 1928. Neither the purported bill of exceptions nor the purported stipulation of counsel was authenticated by the certificate of the clerk of the trial court, nor is it shown that the court, upon stipulation of the parties, extended the time for filing the bill of exceptions until February 28, 1928.

Appellants were required by section 100 of the Practice Act, Cahill's St. ch. 110, ¶ 100, to file an authenticated transcript of the record. Authentication by a certificate of the clerk of the trial court is essential under that statute. *Glos v. Randolph,* 130 Ill. 245. As the purported bill of exceptions and the purported stipulation of counsel are not so authenticated, they cannot be considered as a part of the transcript of the record. Even if they had been properly authenticated they would fail to show that the time for filing the bill of exceptions was extended in accordance with the law. The making of an order allowing an appeal, and fixing the amount of the appeal bond and the time in which the bond and bill of exceptions shall be presented and filed, is a judicial act, which can only be performed by the judge in term time, and when sitting as a court. So, an order extending the time for filing such papers is an exercise of judicial power, and can only be performed in term time. *Hake v. Strubel,* 121 Ill. 321; *United States Life Ins. Co. v. Shattuck,* 159 Ill. 610–615.

Appellants argue that the time for filing the bill of exceptions was actually extended until February 28, 1928, by an agreement of the parties embodied in the purported stipulation. Their contention in that regard is contrary to *Hawes v. People,* 129 Ill. 123, and other cases upon which they rely. The rule stated in

those cases is that after the time for filing has expired, the parties may, by agreement, invest the court with power and authority to enter an order, in pursuance of their stipulation, granting a further period for filing the bill of exceptions. The parties cannot exercise judicial power as that can only be done by the court. After the time for filing has expired, the parties may agree that the time may be extended, but the time is not extended until the court exercises its judicial power and enters an order extending the time in pursuance of the agreement. *Hawes v. People, supra; Morris v. Watson,* 61 Ill. App. 536. The order must appear of record. *Pardridge v. Morgenthau,* 157 Ill. 395; *United States Life Ins. Co. v. Shattuck, supra.*

If we could overlook the lack of an authentication of the purported bill of exceptions by the clerk of the trial court and the fact that there was no order of court extending the time for filing the bill, we would not be warranted in reversing the order.

The first ground of appellants' motion is that the note was executed for the purchase price of certain real estate purchased from the payee in the note under a written contract in which the seller agreed that upon the execution of the note he would convey the real estate to appellants; that the deed was to be the sole consideration for the note; that no conveyance of the real estate was ever made to appellants by any one and that by reason thereof the note was without consideration. The purported bill of exceptions shows that a written contract of sale was offered in evidence by appellants, but the contract itself is not contained therein. Nevertheless, the abstract of the record sets out the purported contract in full. Appellants later filed a supplemental abstract showing a photostatic copy of the same contract in which one paragraph of the alleged contract as set out in the original abstract was erased. Nothing should be shown in an abstract that is not in the transcript of the record.

The contract is not to be found in the alleged bill of exceptions and we cannot assume that it contained a provision that upon the execution of the note appellants were entitled to a deed. There is no showing that appellants ever tendered payment of the note or offered to pay it prior to the time they filed their motion to open the judgment. Appellants may not have been entitled to a deed until they paid the note. There is no explanation as to why the deed was not delivered upon the execution of the note if they were then entitled to receive it.

The second ground of the motion is that at the time the note was executed the payee therein falsely represented to appellants that he had the right and power to convey the real estate described in the contract, whereas appellants are informed and believe that he had no title to the property and no right or power to convey. There is no showing as to how the alleged representation was made. Appellants may have concluded that the mere fact that the payee entered into a contract of sale was a representation that he then had the power to sell and convey. Facts should be averred from which the court could see that false representations were made.

The third ground of the motion is that the attorney's fee included in the judgment is excessive, unwarranted and unreasonable. The allegations in that regard are mere conclusions. There is no showing as to what would be a usual, customary and reasonable fee. The warrant of attorney authorized the inclusion in the judgment of a reasonable attorney's fee and the court found that $450 was such fee.

The fourth ground of the motion is that, on its face, the note purports to have been signed and delivered in the State of Missouri; that at the time of its execution and delivery the payee was a resident of Missouri; that the indorsement on the note and its delivery to the indorsee were made in the State of Missouri; that

the indorsee is a corporation of that State; that the note on its face is a Missouri contract; that the indorsement is also a Missouri contract; that under the law of that State the provision authorizing the confession of judgment is null and void and the court had no jurisdiction of appellants; that the Missouri law upon this question is stated in *First Nat. Bank of Kansas City v. White*, 220 Mo. 717.

The judgment was entered at the January term, 1926, of the city court. That being true, the note and warrant of attorney are not a part of the record unless preserved in a bill of exceptions. *Waterman v. Caton*, 55 Ill. 94; *Boyles v. Chytraus*, 175 Ill. 370. They were not even preserved in the purported bill and cannot be considered even though the clerk has copied them into the transcript of the common law record. *People v. Faulkner*, 248 Ill. 158. It will be observed that the motion does not state that the note was delivered in the State of Missouri, but simply that, on its face, it purports to have been signed and delivered in that State. The declaration avers that it was delivered in the State of Illinois. The place where a note is made depends not upon where it is actually written, signed or dated, but upon the place where it is delivered as consummating the bargain. *Walker v. Lovitt*, 250 Ill. 543.

It was not shown that the note is a Missouri contract. For that reason it is unnecessary to decide whether any of its provisions are null and void under the laws of that State. A litigant, who desires to claim the advantage of some law or statute of a foreign State, must show by appropriate pleadings and proof what that law is, or the courts of this State will apply the law of the forum. *Shannon v. Wolf*, 173 Ill. 253. Appellants simply say, in their motion, that under the law of Missouri a certain provision in the note is null and void and that the law upon the question is stated in a certain decision of the Supreme Court of that

State. The case was not offered in evidence on the hearing of the motion. The law of a foreign State is a fact that must be proven like any other fact. No one would seriously contend that it would be sufficient to aver that certain evidence would be found recorded in a certain book in a certain county without offering that record in evidence.

Where it has been sought to prove the law of a sister State by the introduction of the decisions of the courts of that State, the opinions relied upon, or excerpts therefrom, must be set forth *in haec verba* in the bill of exceptions, in order that such proof may be before the Appellate tribunal for review. *Gunning System v. La Pointe,* 113 Ill. App. 405.

The fifth ground of the motion is that the note, by reason of the provision authorizing a confession of judgment at any time after date, is not a negotiable instrument under the laws of the State of Missouri or those of the State of Illinois, and because of that fact appellees are not innocent holders. It was not shown that the note is a Missouri contract, nor is there any showing as to what the law of that State is in regard to that matter. Section 5 of our Negotiable Instrument Act provides that the negotiable character of an instrument, otherwise negotiable, is not affected by a provision which authorizes a confession of judgment. Cahill's St. ch. 98, ¶ 25.

In any view of the case we cannot say that the court committed reversible error, and the judgments in this case and in Term Nos. 37 to 40, both inclusive, are affirmed.

*Affirmed.*