Grover W. Watson, Trustee for the Creditors of Smith Fuller and Kempton S. Fuller, Appellee, v. James S. Sullivan, Appellant.

Gen. No. 8,433.

Heard in this court at the April term, 1930. Opinion filed January 26, 1931.

WILLIAM R. BACH and CHARLES M. PEIRCE, for appellant.

HERRICK & HERRICK, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This is an appeal from the order of the circuit court of DeWitt county denying a motion by the appellant, James S. Sullivan, to vacate or set aside a judgment by confession in favor of the appellee, Grover W. Watson, Trustee, for the sum of $839.50; or open the

judgment and for leave to plead in defense. A motion was made by the appellee preliminary to the taking of the case by the court for review, to affirm the order and judgment of the circuit court on the ground that the abstract filed herein by the appellant did not comply with the rules of this court and was therefore insufficient. We took this motion with the case. We find that the abstract filed by the appellant is incomplete; and that it does not comply with the requirements of Rule 4 of this court relating to abstracts filed in cases brought to this court for review. The first requirement of the rule is, that the abstract should be a complete abstract of the record. It is apparent from the abstract in question that it does not do so; that it is not sufficiently complete to enable this court to determine whether the errors assigned are well taken. The following errors are assigned: (2) ''The trial court erred in not entering an order vacating and holding for naught the judgment by confession entered by the complainant, Grover Watson, trustee.''

(3) ''The trial court erred in permitting complainant on a motion to vacate judgment, stay execution and leave to plead to offer incompetent evidence, and a counter affidavit over objections.''

(4) ''The trial court erred in not permitting appellant the right to rebut the evidence erroneously admitted on behalf of appellant.''

The affidavit mentioned in the third assignment of error is not abstracted.

During the hearing before the court, in which both parties participated and offered evidence, the appellee offered in evidence the abstract, and in reference to this offer states: ''A decree of the circuit court in cause No. 5243 Chancery. The offer of which was objected to by the defendant. Overruled, and is wholly immaterial except at page 47 to the middle of page 51.'' The decree however which was admitted in evi-

dence is not abstracted. The abstract recites, that "defendants offer in evidence Exhibit 2"; but exhibit 2 is not set out in the abstract. The original bill in the case of *Watson v. Willerton* was offered and put in evidence; but the bill is not abstracted. The narr. and cognovit upon which the judgment was founded are not abstracted; nor is a copy of the two judgment notes which were involved in the judgment sought to be set aside, set out in the abstract. The abstract mentions in connection therewith merely "cognovit by the clerk December 7th, 1920"; and all that appears about the judgment in the abstract is "judgment in confession signed by the clerk for $839.50 and costs."

A mere recital in the record what the judgment was, is not a judgment. *O'Donnell v. Quinn,* 100 Ill. App. 5; *Brougher v. Lost Creek Drainage Dist.,* 274 Ill. 193. The notes and warrant of attorney may not be considered where they are not preserved in the bill of exceptions although the clerk has copied them into the transcript. *Davis v. Wirth,* 249 Ill. App. 544; *Davis v. Mosbacher,* 252 Ill. App. 536. In this case they are neither in the bill of exceptions nor the abstract. Nor does the abstract upon its face purport to be a complete abstract of all the evidence before the court upon the hearing had in this case; nor the evidence pertaining to the rendition of the judgment.

It is proper to affirm the judgment on appeal, when a sufficient abstract is not filed. *Chicago Record-Herald Co. v. Bender Store Fixture Co.,* 207 Ill. App. 152.

For the reasons stated the motion of the appellee is sustained, and the judgment is therefore affirmed.

*Judgment affirmed.*