# HENRY C. MASSEY
## v.
## JACOB ROBERTSON.

1.   PLEADING—FAILURE OF CONSIDERATION.—To constitute a good plea of failure of consideration under the statute, the plea must set out what the consideration was, and specify wherein it has failed.

2.   WANT OF CONSIDERATION.—In pleading want of consideration it is sufficient if it aver in the language of the statute, or equivalent language, that the defendant made the note declared on without any good or valuable consideration.

ERROR to the County Court of Cass county ; the Hon. J. W. REARICK, Judge, presiding.    Opinion filed December 11, 1879.

Mr. OSCAR A. DE LEUW, for appellant; that the plea is sufficient, cited Rev. Stat. 1874, 719: Shelton v. Lewis, Ill. Syn. Rep. 47.

Messrs. KETCHAM & GRIDLEY, for appellee.

DAVIS, P. J.   This was an action of assumpsit, brought to recover the amount due on a promissory note.

Massey v. Robertson.

The only question presented by this record is as to the sufficiency of the following plea: " And for further plea in this behalf, the said defendant, Henry C. Massey, saith *actio non*, because he says that there was not at the time of the execution and delivery of the promissory note mentioned and declared on by the plaintiff in his said declaration, nor was there at any time any good and valuable consideration for said note, nor was there at, etc., aforesaid, when said instrument was made or entered into, any good and valuable consideration therefor, nor did there at any time move from the plaintiff to the defendant or defendants any good or valuable consideration for the making, entering into, and delivery of said promissory note by the defendant or defendants to the plaintiff, and of this the defendant puts himself upon the country, etc.

" By OSCAR A. DE LEUW,
" His attorney."

To this plea appellee demurred, and assigned for cause of demurrer that it did not set forth the facts from which the court may determine whether the note was given for a good and valuable consideration.

This question came directly before the Supreme Court, in the case of Honeyman v. Jarvis, 64 Ill. 366, and upon a full review of all the cases decided in that court involving the same point, from that of Poole v. Valandingham, Breeze 47, to the one first cited, it was definitely settled that in an action on a promissory note to constitute a good plea of failure of consideration under the statute the pleader must set out what the consideration was, and specify wherein it had failed; but in a plea setting up the defense of want of consideration, although when there is a supposed consideration and an alleged insufficiency of it to support the instrument, the pleader may set it out for the purpose of referring its want of insufficiency directly to the judgment of the court; still, the rules of pleading do not require that to be done, and the plea is sufficient if it aver in the language of the statute, or any equivalent language, that the defendant made the note declared on without any good or valuable consideration therefor. Testing the plea in this case by the rule established in the case above cited, it must

be held good on the question raised by the demurrer, and the court erred in sustaining the demurrer, and for that error the judgment of the court below must be reversed and the cause remanded.

Judgment reversed.