Belle Ashmore, Executrix, Appellant, v. Skene Lead Company, Appellee.

Gen. No. 5,168.

1. APPEALS AND ERRORS—*when record shows no decree.* A recital in a certificate of evidence or a bill of exceptions over the signature of the judge that a decree or judgment has been entered, and even stating the legal effect thereof, does not make that recital a decree or judgment in the legal sense of the term. The decree or judgment must be entered in the record kept by the clerk of the court and must be inserted in the record certified by him, and if that is not done the decree or judgment is not before the court with whom such an imperfect record is filed.

2. PARTIES—*interest should be shown.* A bill of complaint should set up the interest of the complainant in the subject-matter of the litigation.

Bill in chancery. Appeal from the Circuit Court of Jo Daviess county; the Hon. R. S. FARRAND, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed October 19, 1909.

J. C. McKENZIE and W. SPENSLEY, for appellant.

JAMES C. HOOD and SHEEAN & SHEEAN, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Henry Ashmore was the owner of certain lands, and executed a lease to George Skene, giving Skene the right to mine said lands for lead, zinc or other ores

at a certain royalty reserved as to lead and zinc ores, and with no provision for royalty upon any other ore or product from the mines. By assignment from Skene through successive parties, the lease became the property of appellee. The mine was worked for several years and, in the process of working it, certain refuse, called "tailings" or "chatts" was piled up on the surface of these premises. The tailings were composed of crushed rock containing perhaps some mineral. The lead company thereafter undertook to use the tailings in the manufacture of cement blocks. There were negotiations between Ashmore and appellee with reference to the payment of a royalty upon the tailings, but no agreement was reached. Ashmore filed a bill in chancery and several amendments thereto and prayed for a decree restraining appellee from removing or using the tailings. Appellee answered claiming a right to use the tailings under the lease and denying the right of Ashmore to interfere with its use of them, and in the answer it asked the same benefit as if it had demurred to the bill. While the suit was pending Ashmore died. His death was suggested and, by order of court, the cause proceeded in the name of Belle Ashmore, executrix of the estate of Henry Ashmore, deceased. No amendment or supplement to the bill was filed, showing what interest the executrix had in the litigation. It is alleged that on the hearing the bill was dismissed for want of equity. The executrix appeals from such supposed decree.

There is no decree in the record certified here by the clerk. The certificate of evidence sets out a decree. Such a recital in a certificate of evidence is not a decree nor can it be treated as such. A recital in a certificate of evidence or in a bill of exceptions over the signature of the judge that a decree or a judgment has been entered, and even stating the legal effect thereof, does not make that recital a decree or a judgment in the legal sense of the term. The decree or judgment must be enrolled in the record kept by the

clerk of the court and must be inserted in the record certified by him, and if that is not done the decree or judgment is not before the court with whom such an imperfect record is filed. Terry v. Trustees, etc., 72 Ill. 476; Alton Lime & Cement Co. v. Calvey, 41 Ill. App. 597; O'Donnell v. Quinn, 100 Ill. App. 5; Riva v. City of Spring Valley, 129 Ill. App. 167.

We might therefore very properly strike this case from the docket, but the supposed decree dismissing the bill for want of equity is inserted twice near the close of the certificate of evidence, and it may be that one of those sheets was intended to be inserted after the certificate of evidence, for the clerk certifies that this record includes the judgment complained of and the prayer and order of appeal, which do not elsewhere appear. We therefore conclude to treat the cause as if there was a proper decree in the record.

The question which appellant seeks to litigate here is whether the tailings belong to the landlord or to the tenant. At the time that the decree was entered, the executrix was the complainant. There is no allegation nor proof as to the provisions of the will of Henry Ashmore, deceased, and therefore there is no allegations nor proof that the executrix has any interest in the estate of Henry Ashmore, deceased, except in the personal property.

If the tailings are personal property and belong to the estate, there seems to be a complete remedy at law, as in the case of Smoot v. Consolidated Coal Co., 114 Ill. App. 512. If the tailings are personal property and appellee has a right to them but is liable to pay royalty thereon, then the remedy at law is clear. If these tailings, deposited upon the surface of the land, remain a part of the real estate, then the executrix, as such, has no interest therein, so far as is alleged or proved in this case, but they belong to those to whom the real estate was devised. If the will gave to the executrix any title to the real estate, that should have been alleged and proved. Upon the present record, the bill seems to have been properly dismissed for want of

. equity, regardless of whether the tailings belong to the landlord or to the tenant.

The decree is therefore affirmed.

*Affirmed.*