## George Goding, Defendant in Error, v. The MacArthur Company, Plaintiff in Error.

### Gen. No. 18,156.

1. MUNICIPAL COURT—*default.* Where an affidavit of merits which does not state a legal defense is stricken from the files and defendant does not ask leave to file an amended affidavit, under Rule 17 of the Municipal Court, the court may enter judgment as in case of default.

2. EVIDENCE—*presumption as to validity of note.* In an action on a note, the execution of which is not denied, a presumption exists that it was regularly issued for a valuable consideration, and that the payee is a bona fide holder and entitled to recover the full amount thereof.

3. PLEADING—*failure of consideration.* In an action on a note, to constitute a good plea of failure of consideration under the statute, the pleader must set out what the consideration was and specify wherein it has failed.

4. PLEADING—*want of consideration.* In an action on a note, a plea of want of consideration is sufficient if it avers in the language of the statute, or any equivalent language, that the defendant made the note without any good or valuable consideration therefor.

5. NEGOTIABLE INSTRUMENTS—*where affidavit of merits does not set up a good defense.* In an action on a note, an affidavit of merits which sets up that defendant was loaning a text-book company $300.00 a week to pay running expenses of the business, including salaries, that plaintiff was one of the employes, that at the time of the execution of the note the defendant did not have $300.00 in cash to loan the text-book company, but loaned $200.00 in cash and gave the note sued on for $100.00 payable to plaintiff, but which contains no allegation that the

text-book company did not owe plaintiff $100.00 for salary, does not show failure of consideration and is properly stricken from the files.

Error to the Municipal Court of Chicago; the Hon. James C. Martin, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed June 12, 1913.

Louis Shissler, for plaintiff in error.

Percival Steele, for defendant in error; Harvey L. Cavender, of counsel.

Mr. Presiding Justice Gridley delivered the opinion of the court.

On November 8, 1911, George Goding commenced an action of the fourth class in the Municipal Court of Chicago against The MacArthur Co., a corporation, defendant, to recover money claimed to be due him on a note executed by the defendant. A copy of the note was attached to his statement of claim, from which it appeared that the note was dated Chicago, February 4, 1911, and that the defendant promised to pay to the order of plaintiff, at Chicago, the sum of $100, thirty days after said date, for value received. Plaintiff also caused to be filed an affidavit of claim, sworn to by an agent, showing that there was due plaintiff from defendant the sum of $103.75. The defendant entered its appearance and filed an affidavit of merits, claiming that it had a good defense to the whole of plaintiff's demand and setting forth the nature of that defense. On December 7, 1911, the court ordered that said affidavit of merits be stricken from the files. The record does not disclose that defendant asked leave to file an amended affidavit of merits. The court, for want of sufficient affidavit of merits, thereupon entered a finding and judgment against the defendant for the amount stated in plaintiff's affidavit of claim, viz: $103.75. It is here assigned as error that the

court erred in striking defendant's affidavit of merits from the files, and in entering the judgment.

If the affidavit of merits did not on its face state a legal defense to plaintiff's demand on said note, the court was justified in striking said affidavit from the files. And as defendant, by not asking leave to file an amended affidavit, in effect elected to stand by the affidavit, it was proper for the court to enter the judgment by virtue of certain provisions contained in Rule 17 of the Municipal Court, as follows: "Where the defendant's affidavit of merits is stricken from the files for insufficiency, the court may then and there enter judgment as in case of default for plaintiff upon the plaintiff's affidavit of claim in said cause, or such further evidence as the court may require." The sole question, therefore, is whether or not defendant's affidavit of merits stated a good defense to the note.

By section 55 of the Practice Act a defendant is required, in his affidavit of merits, to specify the "nature" of his defense, and Rule 17 of the Municipal Court requires a defendant in a fourth class case to specify "the nature of such defense * * * in such a manner as to reasonably inform the plaintiff of the defense which will be interposed at the trial." In an action on a note, the execution of which is not denied, a presumption exists that the same "was regularly issued for a valuable consideration, and that the payee is a *bona fide* holder, and entitled to recover the full amount thereof." *Perry State Bank v. Elledge,* 109 Ill. App. 179. And in such an action the defendant may plead "want of consideration, or that the consideration has wholly or in part failed." Section 9, chap. 98, Hurd's Ill. Stat. "To constitute a good plea of *failure* of consideration under the statute, the pleader must set out what the consideration was, and specify wherein it has failed; that in setting up the defense of *want* of consideration, although when there is a supposed consideration, and an alleged insuffi-

ciency of it to support the instrument, the pleader *may* set it out for the purpose of referring its want of sufficiency directly to the judgment of the court. Still, the rules of pleading do not *require* that to be done; and the plea is sufficient if it aver, in the language of the statute, or any equivalent language, that the defendant made the note in the count without any good or valuable consideration therefor." *Honeyman v. Jarvis,* 64 Ill. 366, 371. While by section 3 of the Municipal Court Act it is provided "that in all cases of the fourth class * * * the issues shall be determined without other forms of written pleadings" than those in that Act expressly prescribed, we apprehend that a judge of that court, in passing upon the sufficiency of an affidavit of merits, wherein is stated the "nature" of the defendant's defense in an action upon a note, should apply the same tests as would be applied to a plea.

While the affidavit of merits in this case states in general terms that "said note was accommodation paper and was without a good and valuable consideration," it also specifies other facts by which it was attempted to show wherein the said note was accommodation paper and without a good and valuable consideration. As we construe these specific allegations, which the defendant was not *required* to make but which he *might* make and did make, they do not show a good defense to the note. It appears from these allegations that the defendant was loaning to the National Textbook Company $300 *per week* to pay the running expenses of the business of the text-book company, including salaries; that plaintiff was one of the employes of the text-book company; that at the time of the execution of the note the defendant did not have $300 in cash to loan to the text-book company, but loaned to it $200 in cash *and* gave the note sued on for $100 payable to the plaintiff; and that at said time the defendant did not owe anything to the text-book company

or to the plaintiff. The affidavit should be construed most strongly against the defendant. There is no allegation that at said time the *text-book company* did not owe the *plaintiff* $100 for *salary*. If this was so, and the inference from the facts as stated is very strong that it was so, there was a good consideration for the note. The transaction was in effect the same as if at said time the defendant had loaned the text-book company $200 in cash and given its accommodation note to the text-book company for $100, and the text-book company had endorsed that note over to the plaintiff for value, in which case, even though the plaintiff knew at the time that the defendant was only an accomodation party, the defendant would be liable on the note. Section 47, chap. 98, Hurd's Stat. 1912.

The affidavit of merits sets forth at length certain other happenings occurring in April and June, 1911. In effect, it states an attempted novation, but there is no allegation that the plaintiff ever knew of or consented to the same.

The judgment of the Municipal Court is affirmed.

*Affirmed.*