### Conrad H. Matthiessen, Defendant in Error, v. William O. Duntley, Plaintiff in Error.

### Gen. No. 27,037.

1. MUNICIPAL COURT OF CHICAGO—*when affidavit of merits is insufficient as stating defense to action on note.* An affidavit of merits stating that there was no consideration for the execution of a note sued upon, that at the time of the execution of such note defendant was not indebted to the plaintiff, and that the promise of defendant was a mere naked promise without any good and valuable consideration, is sufficient as a pleading of want of consideration as provided by section 9 of the Negotiable Instruments Act (Cahill's Ill. St. ch. 98, ¶ 10), in an action at common law, but such affidavit of merits is insufficient and is properly stricken because of the failure to comply with rule 15 of the municipal court, when it fails to deny specifically that the consideration was the compromise of a lawsuit between the parties as alleged in the plaintiff's statement of claim.

2. RULES OF COURT—*effect where contrary to statute.* A rule of court cannot abrogate or supersede a statute.

3. MUNICIPAL COURT OF CHICAGO—*when rule of court does not abrogate statute.* Rule 15 of the municipal court of Chicago, requiring the nature of a defense to be specified, does not conflict with the statutes of the State, because the Municipal Court Act

provides that rules of pleading may be changed in actions in such court.

Taylor, J., dissenting.

Error to the Municipal Court of Chicago; the Hon. Charles A. Williams, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Affirmed. Opinion filed May 17, 1922.

Petit, Cummings & Colson, for plaintiff in error.

Ryan, Condon & Livingston, for defendant in error.

Mr. Presiding Justice O'Connor delivered the opinion of the court.

Conrad H. Matthiessen brought suit against William O. Duntley on a promissory note for $25,000 dated December 2, 1914, due 5 years after date, with interest at the rate of 6 per cent per annum, payable annually. The defendant's affidavit of merits was stricken on account of its insufficiency as a matter of law. He elected to stand by his affidavit of merits and judgment was thereupon entered against him for the amount of plaintiff's claim, $28,125, to reverse which this writ of error is prosecuted.

Plaintiff in his amended statement of claim set up that his claim was for $25,000 with interest from December 2, 1918, upon defendant's promissory note dated December 2, 1914, due 5 years after date to the order of plaintiff, a copy of which note was attached to the statement of claim and made a part of it. Plaintiff further alleged that on December 2, 1914, the defendant entered into a written agreement with plaintiff in and by which a certain lawsuit instituted by plaintiff against defendant and then pending in the superior court of Cook county was compromised and settled in consideration of which the defendant executed three notes of that date (the note in suit being the third one) and delivered them to plaintiff, and that the note was still due and unpaid. A copy

of this agreement was also attached to the statement of claim and made a part thereof. To this amended statement of claim defendant filed an affidavit of merits stating that he verily believed he had a good defense to the suit upon the merits to the whole of plaintiff's demand, and that his defense was as follows: "There was no consideration for the execution of the note sued upon, and that the defendant was not at the time of giving said note indebted to said plaintiff upon any consideration whatever, and that the said promise of the defendant was a mere naked promise without any good and valuable consideration therefor."

This affidavit of merits, the defendant contends, set up a good defense and the court erred in striking it on plaintiff's motion. And it is argued that the matter set up in the affidavit of merits was all that is required by the statute, section 9, ch. 98, Rev. St. [Cahill's Ill. St. ch. 98, ¶ 10]. It is further argued that the adjudicated cases hold that the affidavit of merits set up in substance what would be a good defense to an action at common law on the note. It seems to be defendant's position that if the affidavit of merits would have been sufficient had an action been brought at common law, *a fortiori,* it should be held sufficient in a suit brought in the municipal court where the rules of pleading are not so rigorous. In support of this argument defendant cites the cases of *Honeyman v. Jarvis,* 64 Ill. 366; *Sheldon v. Lewis,* 97 Ill. 640; *Massey v. Robertson,* 5 Ill. App. 476, and *Goding v. MacArthur,* 181 Ill. App. 373.

Section 9 of the Negotiable Instruments Act [Cahill's Ill. St. ch. 98, ¶ 10] provides that in an action upon a note for the payment of money, if such note was made or entered into without a good and valuable consideration, it shall be lawful for the defendant to plead such want of consideration, and if it shall appear upon the hearing that such note was

made or entered into without a good and valuable consideration, the verdict should be for the defendant. In the *Jarvis* case, which was an action of assumpsit by the payee of a promissory note against the makers, it was held that a plea of want of consideration, containing substantially the same allegations as the affidavit of merits in the instant case, was good. To the same effect are the *Lewis* and *Robertson* cases, where the doctrine announced in the *Jarvis* case is approved. We think it clear that if a common-law action was instituted on the note in question and the defendant had interposed a plea containing substantially the same allegations as those contained in the affidavit of merits, it would constitute a good plea. But it by no means follows that the affidavit of merits would set up a good defense to an action brought in the municipal court, because that court, under the statute creating it, was authorized to establish rules regulating the practice and procedure to be observed. By the ninth paragraph of section 28 of the Municipal Court Act, ch. 37, ¶ 416, Cahill's Statutes, it is provided: "The judges of said municipal court may, by rules adopted in the manner prescribed by this Act, provide that the practice in cases of the first class shall be the same as in this Act provided for cases of the fourth class." And it has been held that "pleadings" are included within the term "practice" mentioned in that paragraph. *American Credit Indemnity Co. v. Yamer,* 170 Ill. App. 350; *Bond v. Duntley Mfg. Co.,* 195 Ill. App. 576. Section 40 of the Municipal Court Act [Cahill's Ill. St. ch. 37, ¶ 428] provides that in cases of the fourth class the plaintiff shall file a statement of his claim, "which statement, if the suit be upon a contract, express or implied, shall consist of a statement of the account or of the nature of the demand, * * * and such further information as will reasonably inform the defendant of the nature of the case he is called upon to defend

\* \* \*. In cases of the fourth class \* ·\* \* the municipal court may adopt such rules and regulations as it may deem necessary to enable the parties, in advance of the trial to ascertain the nature of the plaintiff's claim or claims or of the defendant's defense or defenses." By rule 14 of the municipal court, which is properly before us in the record, it is provided that pleadings in cases of the first class shall be the same as in cases of the fourth class. Since the case at bar is an action on a contract and more than $1,000 is involved, it is an action of the first class, but under rule 14 of the municipal court, pleadings are now the same in that class as in cases of the fourth class.

Counsel for plaintiff contend that the affidavit of merits was properly stricken because it failed to comply with rule 15 of the municipal court. That rule provides that:

"The following rules of pleading shall be observed in framing the statement of claim, answer, reply, the set-off or counterclaim, and such other pleadings as may be ordered filed in cases of the fourth class. \* \* \*

"(p) It shall not be a sufficient denial to deny generally the grounds for relief alleged in the statement of claim, set-off or counterclaim, but each party must deal specifically with each allegation of facts of which he does not admit the truth; but the court may grant leave, where it may be just, to plead a general denial.

"(q) When the claim is for a liquidated sum of money, it shall not be sufficient to deny the obligation generally. The defense shall deny such matters of fact, from which the obligation is alleged to arise, as the party pleading disputes.

"(r) When a pleading denies an allegation of fact in an opponent's pleading, it must not do so evasively but must answer the point of substance; if an allegation is made with divers circumstances, it shall not

be sufficient to deny it along with those circumstances.''

It is argued that the affidavit of merits was insufficient because it failed specifically to deny that the consideration for the note was the compromise of the lawsuit between the parties, as alleged in plaintiff's statement of claim—that the written agreement entered into between the parties, in consideration of which the note in question was given, stated the specific consideration, which was a valid consideration for the note in suit, and that the affidavit of merits to be sufficient should have specifically denied such consideration; that under paragraph "k" of rule 15 of the municipal court, which provides that every allegation of fact in any pleading if not specifically denied shall be considered as admitted by the defendant, and, therefore, the specific consideration set up in plaintiff's statement of claim not being denied in the affidavit of merits, no defense was interposed, and the affidavit was properly stricken.

In reply, counsel for the defendant argue that the statement of claim is based on a promissory note and that further allegations setting up the specific consideration are mere surplusage and of no avail, and, further, that the sufficiency of the affidavit of merits is not to be determined solely by the rules of the municipal court, but where a rule of such court conflicts with the statute, the latter must prevail; and that in the instant case, since section 9 of the Negotiable Instruments Act specifies what shall be a sufficient defense to a promissory note, and since the affidavit of merits contained allegations in accordance with this section, it set up a good defense. One of the purposes in the minds of the lawmakers in passing the Municipal Court Act was to require the plaintiff to specifically state in plain and simple language his case and to require the defendant to set up his defense in the same manner, so that the point in issue

might be known by both parties. Under the common-law system of pleading theretofore in effect in this State in all courts of record, this result was not accomplished where the plaintiff filed the common counts in assumpsit, and the defendant filed a plea of nonassumpsit. We think the plaintiff was clearly within his rights in alleging in his statement of claim the specific consideration for the note and the defendant, if he sought to defeat the case on the ground of want of consideration, should have specifically denied the allegations in plaintiff's statement of claim in this regard. Of course, it is elementary that a rule of court cannot abrogate or supersede a statute, but we think the rule under consideration does not conflict with any statute of this State when properly considered. It is true that in an action at common law in the circuit or superior court, a plea which sets up in substance the defense of want of consideration, as provided in section 9 of the Negotiable Instruments Act, is sufficient. But the Municipal Court Act provides that the rules of pleading might be changed in actions brought in the municipal court, and this is what has been done by the rule above referred to, so that when an action is brought in the municipal court the rules of that court requiring that the nature of the defense be specified must be followed. This not having been done, we think the affidavit of merits was properly stricken.

But counsel for the defendant argue that even if the rules of the municipal court must be followed, this has been done in the instant case, and in support of this the case of *Goding v. MacArthur,* 181 Ill. App. 373, is cited. That was a suit upon a promissory note. An affidavit of merits filed by the defendant was stricken and judgment entered against him. There the affidavit of merits set up that the note was accommodation paper ''without a good and valuable consideration.'' It further set up other specific facts

which showed that there was no defense because it appeared from such allegations that there was a good consideration for the note, and the judgment of the trial court striking the affidavit was affirmed. But the court, in discussing the case, said, referring to another rule of the municipal court, that the defendant was not required to set up the specific facts, although he might do so. The provisions of rule 15, which plaintiff in the instant case contends were not complied with, were in no way considered in the *Goding* case, nor was that rule referred to. Nor is rule 17 of the municipal court, mentioned in that case, mentioned here. The case is, therefore, not in point.

It follows that the defendant having failed to comply with the requirements of rule 15 of the municipal court, his affidavit of merits was properly stricken, and the judgment must, therefore, be affirmed.

*Affirmed.*

THOMSON, J., concurs.

TAYLOR, J., dissents.