(No. 15084.—Cause transferred.)
G. S. HARDY *et al.* Plaintiffs in Error, *vs.* W. S. JONES *et al.*
Defendants in Error.

*Opinion filed February 21, 1923.*

1. APPEALS AND ERRORS—*when Supreme Court has no jurisdiction of a direct appeal—injunction.* The Supreme Court has no jurisdiction of a direct appeal to review a decree dismissing a bill for a mandatory injunction to compel defendants to return a town hall which had been moved from one village in the town to another and to account for funds of the town spent in moving it.

2. SAME—*record must contain a placita.* To enable the Appellate or the Supreme Court to review a cause on its merits the record must contain a *placita.*

WRIT OF ERROR to the Circuit Court of Edgar county; the Hon. WALTER BREWER, Judge, presiding.

GEORGE W. BRISTOW, State's Attorney, and WILBER H. HICKMAN, for plaintiffs in error.

STEWART W. KINCAID, and JAMES K. LAUHER, for defendants in error.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Plaintiffs in error filed their bill in the circuit court of Edgar county, alleging, among other things, that the town hall in the town of Buck had been located for about forty years at Mays, near the center of the town; that defendants in error had without authority moved the town hall to the village of Redmon, located on the west town line. They prayed for a mandatory injunction requiring defendants in error to return the town hall to Mays and to account for the moneys spent from the funds of the town on account of said removal. An answer was filed and a hearing had. The chancellor dismissed the bill for want of equity, and this writ of error is prosecuted to review that decree.

Counsel do not suggest on what theory they prosecute the writ of error from this court to review this decree and we find no assignment of error which gives this court jurisdiction. The cause is therefore transferred to the Appellate Court for the Third District.

The record filed in this case is informal and incomplete in many respects. A fatal defect is the want of a *placita,* (*Planing Mill Lumber Co.* v. *City of Chicago,* 56 Ill. 304; *City of Alton* v. *Heidrick,* 248 id. 76;) and it seems proper to suggest to counsel that this defect must be supplied in order to enable the Appellate Court to review the cause on its merits.