## The Parent Manufacturing Company, Appellee, v. Oil Products Appliance Company, Appellant.

### Gen. No. 31,553.

1. PLEADING—*how defense set forth in affidavit of merits.* An affidavit of merits need not specify the nature of the defense but only reasonably inform the opposing party of the defense to be interposed at the trial.

2. CONFESSION OF JUDGMENT—*extent of discretion in setting aside.* The considerable discretion of the court in passing on a motion to set aside a judgment by confession should be applied by considering whether there are equitable reasons for permitting the defendant to put in his defense.

3. CONFESSION OF JUDGMENT—*affidavit in support of motion to set aside.* An affidavit in support of a motion to set aside a judgment by confession on notes, on the ground of no consideration, should state facts showing there was no consideration, including the circumstances of signing, execution and delivery by the defendant.

Appeal by defendant from the Circuit Court of Cook county; the Hon. JOHN A. SWANSON, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1926. Affirmed. Opinion filed October 19, 1927.

WINSTON, STRAWN & SHAW, for appellant.

ERNEST PEACOCK, for appellee.

MR. JUSTICE WILSON delivered the opinion of the court.

Judgment by confession on certain promissory notes was entered at the May term, 1926, of the circuit court, by the plaintiff against the defendant, Oil Products Appliance Company. The judgment was for $4,377.50. Execution issued upon said judgment and thereupon defendant appeared and filed an affidavit, which, in effect, stated that the first knowledge defendant had of the judgment was on the 19th of June, 1926, and immediately made a motion to set aside the judgment. That motion was denied by the circuit court. It appears from the record that the motion was made in apt time. The only question involved is as to whether or not the defense set up in the affidavit was such as to so require the circuit court to set aside the judgment, and giving the defendant an opportunity to plead. The only grounds set up in the affidavit were as follows: "Affiant further states that no consideration in law or in fact was given for said notes and that there was an absence of consideration." The trial court refused to grant the motion and this appeal was perfected and is now before this court for consideration. The matter, as presented here, is upon the ab-

224    APPELLATE COURTS OF ILLINOIS.

Parent Mfg. Co. v. Oil Products, etc., Co., 246 Ill. App. 222.

stract filed herein, the record of the cause, and the brief and argument of counsel for appellant. It is insisted that the affidavit states a good defense to the action and that, therefore, the court abused its discretion in not granting the motion to set aside the judgment. In support of this contention counsel cite *Reddig v. Looney,* 208 Ill. App. 413; *Matthiessen v. Duntley,* 307 Ill. 36, and *Goding v. MacArthur Co.,* 181 Ill. App. 373; and other cases, to the effect that under the rules of the Appellate Court and also under section 55 of the Practice Act, Cahill's St. ch. 110, ¶ 55, a defendant is not required in his affidavit of merits to specify the nature of his defense, but that it is sufficient if it reasonably inform the defendant of the defense which was interposed at the trial. We understand this to be the correct rule of practice under the rules of the Municipal Court and the Practice Act, but that upon motion to set aside and avoid a judgment by confession, a different rule is applicable. In considering a motion to set aside a judgment by confession, the trial court has considerable discretion, but in applying its discretion it should consider whether there are equitable reasons why the judgment should be opened and the defendant permitted to put in a defense. (*Mumford v. Tolman,* 157 Ill. 258.)

It is true that as a matter of pleading, a plea setting up the fact that there was an entire want of consideration for the notes would be sufficient to introduce proof on that issue, but on the question of setting aside a judgment it would be insufficient unless accompanied by the facts which would show that there was, in fact, no consideration for the notes. It may be argued that this would require negative proof which it would be impossible to supply, but there is no doubt it would have been possible for the defendant below to set up the circumstances under which the notes came into the hands of the plaintiff, and how and why they happened to be signed and executed and delivered

by the defendant, together with other facts, with reference to want of consideration as would appeal to the equitable consideration of the court.

From our view of the case as shown by the record, we are of the opinion that the affidavit was insufficient and the judgment of the circuit court will, therefore, be affirmed.

*Judgment affirmed.*

TAYLOR, P. J., and HOLDOM, J., concur.