John F. Davis et al., Appellees, v. Louis Wirth, Appellant.

Opinion filed June 1, 1928.

J. J. BULLINGTON, for appellant.

HILL & ENGLAND, for appellees.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

The issues presented in this case are substantially the same as in term Nos. 18 to 41 inclusive and term No. 44. Appellees are the same in all of the cases and the various appellants are represented by the same at-

torneys. Counsel for appellants say that the primary issues in all of the cases are identical and notwithstanding slight differences existing by reason of facts peculiar to individual cases they think the ruling on all cases should be the same, as there is not enough distinction in the facts or in the records submitted to authorize a different decision in any case from the decision in the other cases. In view of that statement we shall dispose of all of the cases in this opinion.

Appellees procured a judgment by confession against appellant in the city court of East St. Louis on January 30, 1926. Appellant filed a verified motion to set aside the judgment and for leave to plead. About a year later the motion was set for hearing and appellant asked leave of court to file other affidavits and documentary evidence in support of his motion and leave was denied. On September 6, 1927, the court entered an order denying appellant's motion to set aside the judgment and for leave to plead.

The first ground set out in appellant's motion is to the effect that the note upon which judgment was entered was obtained from him by the payee therein named by fraud, misrepresentation and deceit and was without any consideration whatever. The words "fraud," "misrepresentation" and "deceit," are of no avail in the absence of averments of facts to which they properly apply. *Fortune v. English,* 226 Ill. 262–269. They are merely the statement of a conclusion. The facts upon which a charge of fraud is based should be averred. *People v. Henry,* 236 Ill. 124. That is the rule both at law and in equity. *Bouxsein v. Granville Nat. Bank of Granville,* 292 Ill. 500. A general allegation of fraud, however strong in expression, is insufficient. The particular facts and circumstances relied on as constituting fraud must be set out. *Dickinson v. Dickinson,* 305 Ill. 521–527.

The bare statement that the note was without any consideration whatever is probably sufficient in a mo-

tion, but where the motion is verified and there is no other affidavit in regard to the consideration for the note, it is not such an affidavit as would warrant the court in opening the judgment and granting leave to plead. *Parent Mfg. Co. v. Oil Products Appliance Co.,* 246 Ill. App. 222.

The second ground of the motion is as follows: "The note upon which judgment was entered was made as part of a contract which was to be executed in the State of Missouri, was made payable in the State of Missouri, and that portion of the note authorizing judgment by confession is null and void and conferred no authority upon a court in the State of Illinois to enter judgment by confession on said note." Appellant argues that the note is a Missouri contract and that under the laws of the State of Missouri a judgment by confession cannot be entered thereon in this State. The law of another State is a question of fact to be proven like any other fact. The motion does not set out the law of Missouri in regard to that matter, nor is it shown by affidavit. A party to a contract made or to be executed in a foreign State, who desires to claim the advantage of some law or statute of such foreign State, must show, by appropriate pleadings and proof, what that law is, or the courts of this State will apply the law of the forum. *Shannon v. Wolf,* 173 Ill. 253.

The motion states that the note was made payable in the State of Missouri and that the portion thereof authorizing judgment by confession is null and void. The judgment was taken during the January term of court. Where a judgment by confession is entered in term time the note and warrant of attorney are not a part of the record unless preserved in a bill of exceptions. *Waterman v. Caton,* 55 Ill. 94; *Boyles v. Chytraus,* 175 Ill. 370. In the case at bar the note and warrant of attorney were not so preserved and cannot be considered even though the clerk has copied the same into

the transcript of the common-law record. *People v. Faulkner,* 248 Ill. 158.

The statement to the effect that the note was made payable in the State of Missouri is without force. The note was before the trial court and we must assume that the court found from an examination of the note that it was not made payable in the State of Missouri. The copy of the note set out in the transcript does not show that the note was payable in Missouri. The declaration avers that the note was delivered in the State of Illinois. The place where a note is made depends not upon where it is actually written, signed or dated, but upon the place where it is delivered as consummating the bargain. *Walker v. Lovitt,* 250 Ill. 543.

The third ground of the motion asserts that the note upon which judgment was rendered was without any consideration whatever and was obtained from appellant upon false, fraudulent and deceitful misrepresentations made by the payee and was obtained without paying any money or value therefor. The facts upon which these conclusions are based are not set out and for that reason the averments are wholly insufficient under the authorities cited in the consideration of the first ground of the motion. The third ground of the motion further states that the payee named in the note transferred the note to the Midcontinent Finance Corporation, a corporation under the laws of the State of Missouri, and that the payee was the president of said corporation and a member of its board of directors; that said corporation was not an innocent purchaser for value of the note, but the transfer was made for the sole purpose of cutting off any defense which appellant might have to said note for want of consideration or for failure of consideration. That part of the motion is without force because it is not shown in the verified motion that appellant has any defense to the note.

The fourth ground of the motion is as follows: "Said note is not a negotiable instrument and the Midcontinent Finance Company, nor the receivers of said Company are authorized or have the power to obtain judgment by confession or otherwise on said note." This contention is based upon the wording of the power of attorney, but as we have shown, the note and power of attorney were not properly preserved and cannot be considered.

The additional affidavits and the documentary evidence offered by appellant, and which the court refused to consider, are shown in the purported bill of exceptions hereafter mentioned. They tend to show that the payee in the note claimed to have bought certain tracts of land which were to be platted and that he sold lots and took notes in payment for the same. There is no showing that the particular note sued on was given as the purchase price of one of the lots. The affidavits simply raise the suspicion that perhaps the note in question was given in payment for a lot which was never conveyed to appellant.

So far, we have considered and treated the motion, and the affidavit in support thereof, as having been properly preserved and presented to this court. We would call attention to the fact, however, that while there is a purported bill of exceptions attached to the transcript of the record, yet it appears to be fatally defective. Appellant's motion was overruled on September 6, 1927, and 30 days were allowed in which to file a bill of exceptions. The time for filing the same was duly extended to October 26, 1927. So far as the record shows there was no further extension of the time for the filing of the bill. The purported bill attached to the transcript shows that it was signed by the trial judge on February 23, 1928, and that it was filed in the office of the clerk of the trial court on the same day. The transcript of the record certified by the clerk of the trial court contains no bill of excep-

tions. The clerk's certificate to the transcript is dated February 8, 1928, and states that the bill of exceptions is included in the transcript. The clerk's certificate was made 15 days before the bill of exceptions was signed by the judge or filed with the clerk. There is nothing to show that the bill of exceptions was presented to the trial judge prior to February 23, 1928, nor is it properly certified by the clerk as a part of the transcript of the record. The statute requires an authenticated transcript of the record. Authentication by a certificate of the clerk of the trial court is essential under the section of the statute in question. *Glos v. Randolph,* 130 Ill. 245.

Affidavits in support of a motion to open a judgment and for leave to plead are not a part of the record so as to be considered on appeal, unless they are preserved in a bill of exceptions. *Anderson Transfer Co. v. Fuller,* 174 Ill. 221. Following the purported bill of exceptions is a stipulation between the attorneys to the effect that the bill of exceptions shall be filed in the office of the clerk of the city court on the 23rd day of February, 1928, or any day thereafter, to and including February 28, 1928. The settlement of a bill of exceptions is a judicial act. When a final appealable order is entered the court may fix the time within which a bill of exceptions shall be presented. The time so fixed may be extended in open court before the time originally fixed has expired. There may be more than one extension, providing the extension is procured before the time has expired. If a bill of exceptions is not presented within the time originally fixed, or within the time as extended, the judge of the trial court has no power or authority to sign and settle the bill.

We would also call attention to the fact that the appeal bond recites that appellant prayed an appeal from the original judgment rendered on January 30, 1926, and it does not in any way refer to the court's order denying the motion to vacate the judgment and for

leave to plead. In any view of the case no reversible error has been shown and the judgments in this case and in term Nos. 18 to 41 both inclusive and term No. 44 are affirmed.

*Affirmed.*