The People of the State of Illinois, Defendant in Error, v. Brewerton Coal Company, Plaintiff in Error.

Opinion filed June 5, 1929.

WEST & ECKHART, for plaintiff in error; WILLIAM M. KLEIN and LEWIS C. JESSEPH, of counsel.

MARION M. HART, State's Attorney, for defendant in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

The transcript of the record contains no *placita.* To enable this court to review a cause upon its merits the record must contain a *placita. Hardy v. Jones,* 307 Ill. 149. The purported judgment of the court below appears in the bill of exceptions and not in the common-law record. The bill of exceptions must not contain the findings and judgment of the court as they are a part of the common-law record and must be found therein. *Miller v. Anderson,* 269 Ill. 608; *People v. Kuhn,* 291 Ill. 154.

A recital of the judgment in the bill of exceptions does not show a judgment in the legal sense of the term and where that is the only evidence in the record that a judgment was entered in the court below, this court is without jurisdiction. *O'Donnell v. Quinn,* 100 Ill. App. 5; *Riva v. City of Spring Valley,* 129 Ill. App. 167; *Ashmore v. Skene Lead Co.,* 150 Ill. App. 381.

The purported bill of exceptions is included in the transcript of the record. It shows that the case was tried and judgment entered on September 22, 1928, and 60 days were allowed for the filing of the bill of excep-

tions. The certificate of the trial judge is to the effect that the bill of exceptions was presented to him and signed on December 29, 1928, long after the time for filing the same had expired. There is nothing in the record to show that the time was extended by the trial court. If a bill of exceptions is not presented within the time originally fixed, or within the time as extended, the judge of the trial court has no power or authority to sign and settle the same. *Davis v. Wirth,* 249 Ill. App. 544. In the state of the record the bill of exceptions is not properly a part thereof and could not be considered even if we had jurisdiction to pass upon the merits of the case.

For the reasons aforesaid the writ of error is dismissed.

*Writ of error dismissed.*